**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATHANIEL TAYLOR-EL, | ) | CASE NO. 1:25-CV-02597 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.,* | ) | **MEMORANDUM,** |
| | ) | **OPINION, & ORDER** |
| Defendants. | ) | |

## INTRODUCTION

Defendants removed this case from the Cuyahoga County Common Pleas Court (R. 1; R. 1-1). This case stems from the City's condemnation and eventual demolition of residential property in Cleveland, Ohio ("the Property"). *Pro se* Plaintiff Nathaniel Taylor-El filed suit against the City of Cleveland; its Mayor, Justin Bibb; and the City's Department of Building and Housing, Law Department, Division of Code Enforcement, Department of Public Safety, Demolition Bureau, and Land Reutilization Program ("Land Bank") ("City Defendants"). Plaintiff also sued the Cuyahoga County Fiscal Officer.[1]

Upon removal, Plaintiff filed an Amended Complaint[2] demonstrating that he is suing

1 In the State Court Complaint, Plaintiff named "Cuyahoga County Fiscal *Officer.*" (R. 1-1, PageID 5). But in the Amended Complaint filed in this Court, he named "Cuyahoga County Fiscal *Office.*" (R. 8, PageID 87). It is unclear whether his intent was to name a person or an agency.

2 In the Amended Complaint, Plaintiff names, for the first time, Woo Jun, Demolition Manager, individually and in his official capacity, and Demotrax, LLC. (R. 8, PageID 87). However, the Court does not acknowledge these additions, as neither party was served. Furthermore, Plaintiff raises no allegations against these parties, and the Court is not required to conjure up allegations against them or speculate as to grounds for potential claims.

Defendants in his capacity as Trustee of the Nathaniel Darell Taylor Irrevocable Private Trust ("the Trust"), which is the "owner of record of the subject property." (R. 8, PageID 86, 87, 89). Plaintiff also alleges he is the sole beneficiary of the Trust and contends he is the lawful owner of the Property. (R. 15-3, PageID 198). Plaintiff alleges due to the City's actions of trespass and conversion, he, and family members, have been subjected to harassment and intimidation; he has been deprived of use of the Property; and he has suffered irreparable harm, such as loss of rental income and significant tax arrearages. (R. 8 at 87-88).

Plaintiff seeks damages and fees under 42 U.S.C. §§ 1983, 1985, and 1988 for asserted violations of the Fifth and Fourteenth Amendments, alleging due process and taking clause violations. (*Id.* at 88; s*ee also* R. 1-1, PageID 9-11). He also brings state-law claims for trespass, conversion, and intentional infliction of emotional distress. (*Id.*).

**<u>THE FACTUAL ASSERTIONS</u>**

According to the State Court Complaint, Plaintiff seeks to protect the Property, which he claims is an inherited home with personal, economic, and sentimental value to him and his family. (R. 1-1, PageID 4). He states he has paid probate fees, appeared in the probate matters related to the Property, and maintains and secures the Property with the consent of the other heirs, who have all agreed to convey the Property to Plaintiff by Quitclaim Deed. (*Id.*).

Upon removal to this Court, (R. 1), Plaintiff sought a temporary restraining order and preliminary injunction, asserting – as the claimed lawful owner of the Property – to halt targeted demolition, forced entry, and ongoing property destruction. (R. 7, PageID 83). Plaintiff asserts Defendants are the entities responsible for code enforcement, inspection, condemnation, and demolition activities within the City of Cleveland. (R. 1-1, PageID 4). And Plaintiff contends that, without adequate notice, hearing, or opportunity to appeal, as required by Cleveland

Codified Ordinances Chapter 3103 and Ohio Rev. Code §§ 715.26 and 715.261, Defendants entered the home and damaged the Property. (*Id.*).

Throughout his pleadings, Plaintiff makes various references to and assertions that, over time, Defendants committed various acts of demolition and destruction. (*Id.* at 7-9). Plaintiff avers in the absence of any foreclosure or condemnation order, or court approval, Defendants disregarded "No Trespass" signs, despite Plaintiff's ongoing rehabilitation efforts and lack of abandonment of the Property. (*Id.* at 7-8). Conversely, the City Defendants argue they had the right to forcible entry as the Property was declared a nuisance. (R. 10; R. 11; R. 39).

## LAW & ANALYSIS

### The County's Motion to Dismiss - Failure to State a Claim

Defendant Cuyahoga County Fiscal Office(r) filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), arguing, *inter alia*, that claims brought by a layperson on behalf of a Trust must be dismissed. (R. 12, PageID 182-83). Additionally argues the County, Plaintiff does not – in the Complaint or the Amended Complaint – present any facts to state a claim for relief against the County Fiscal Officer or the Fiscal Office. Thus, the County argues, "since Plaintiff has not clearly alleged that these Defendants did or failed to do something to violate his rights, any claims against them must be dismissed." (*Id.* at 181) (citing *Bergeron v. Oakland Cnty.*, No. 2:24-CV-12236, 2024 WL 4982890, *4-5 (E.D. Mich. Dec. 4, 2024)).

Federal courts must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and draw all reasonable inferences in [the plaintiff's] favor." *Watkins v. Healy*, 986 F.3d 648, 660 (6th Cir. 2021) (citations omitted). And the well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pleaded facts will do so if they "allow[ ] the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Pleaded facts will not do so if they "are 'merely consistent with' a defendant's liability." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Valance v. City of Mansfield,* No. 1:25-CV-00482, 2026 WL 2718219, at *1-2 (N.D. Ohio Sept. 15, 2026) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure up allegations on their behalf. *Id.* (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Plaintiff does no more than name "Cuyahoga County Fiscal Office(r)" as a party. (R. 8, PageID 87-89; R. 1-1, PageID 5). He provides no factual or legal assertions against the Office or an Officer. Construing his filings with the most liberal view, Plaintiff provides no factual averments concerning the County's involvement. Rather, all allegations appear to concern City Ordinances and City actors. (*See* R. 8 at 87-89; R. 1-1 at 7-11).

For these reasons, the Court **GRANTS** the County's Motion to Dismiss, (R. 12).

**<u>The City's Motion for Judgment on the Pleadings</u>**

The City Defendants argue the Court should dismiss all claims against them under Fed. R. Civ. Pro. 12(c). Like the County, the City Defendants argue: "[a] trustee of a trust, who is not a licensed and registered attorney at law, may not file pleadings, argue or otherwise represent the trust as its counsel in a court." (R. 39, PageID 331; *see also* R. 10-1, PageID 170) (citing *Tax Ease Ohio II, LLC v. Cramer*, No. 112559, 2023-Ohio-4067, ¶ 3 (Ohio Ct. App. Nov. 8, 2023)). *See also Bank of New York v. Miller*, 185 Ohio App.3d 163, 165 (Ohio Ct. App. 2009) (trustee

was not a licensed attorney and therefore could not represent trust in foreclosure action) (citing *Otto v. Patterson*, 173 Ohio St. 174, 175-76 (1962)).

The City also argues, even if the matter could proceed without counsel, the Department of Building and Housing, Land Bank, Division of Code Enforcement, Demolition Bureau, Department of Public Safety, and Law Department are all *non sui juris*, meaning they are not legal entities and therefore are not capable of being sued. (R. 39, PageID 333, 336-37). Further argues the City, all claims against Mayor Bibb should be dismissed as he is a City official acting in his official capacity. (*Id.* at 333, 337). Third, the house was razed and demolished; therefore, all declaratory and injunctive claims are moot. (*Id.* at 331-33, 337-39). Fourth, any taking claim must fail as compensation is not mandated when the state legitimately exercises police powers to abate a property nuisance. (*Id.* at 333, 339-340). Fifth, Plaintiff fails to state a plausible claim of due process violations. (*Id.* at 333, 340-42). And finally, all state-law claims fail as a matter of law. (*Id.* at 333, 343-45).

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court reviewing a motion filed under this rule "us[es] the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *Valance*, 2026 WL 2718219, at *1 (citing *United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022)).

The multitude of filings clarifies one thing. The owner of the Property is the Nathaniel Darell Taylor Irrevocable Private Trust (Trust).[3] The Court also takes notice of the Cuyahoga

[3] In one document (attached to the state court Complaint), the asserted property owner is the "Silver Dominion Ecclesiastical Irrevocable Private Estate Trust." (R. 1-1, PageID 38-39). All other documents refer to the Nathaniel Darell Taylor Trust. (*See e.g.* R. 8, PageID 87; R. 9-7, PageID 160; R. 9-8; R. 15-1; R. 15-2; 15-4; R. 15-5; R. 15-6; R. 15-7; R. 20, PageID 228).

County Auditor records. *See* https://cuyahoga.oh.publicsearch.us/doc/ 290253166. According to records from the Cuyahoga County Auditor, the Property, Parcel 107-02-038, was transferred by Quitclaim Deed from Gwendolyn Miller, Felix Miller, Ronny Earl Miller, and Morris Dywayne Brewster Miller to Nathaniel Darell Taylor, as ***Trustee*** on December 30, 2025 (Recorded January 7, 2026). *Id.* (last visited 9/17/2026).

Defendants correctly assert, (R. 10, PageID 170-71; R. 12, PageID 180-83; R. 28, PageID 253-54; R. 38, PageID 329; R. 39, PageID 331, 333), a non-attorney cannot bring claims on behalf of others in federal court. *Ross v. Peregrine Health Servs., Inc.*, No. 19-3965, 2020 WL 9440324, at *1 (6th Cir. Sept. 1, 2020) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)). Specifically, a *pro se* non-lawyer appearing and acting as the trustee of a trust "has no right to represent another entity, *i.e.,* a trust, in a court of the United States." *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (holding trustee was not the real party in interest and also could not represent the interests of the trust); *Boniecki v. City of Warren,* No. CV 22-11578, 2023 WL 2138090, at *2 (E.D. Mich. Feb. 21, 2023) (citing *Knoefler,* 20 F.3d at 348)).

The Amended Complaint lists Plaintiff as the Trustee. (R. 8, PageID 87). Plaintiff, who is not himself an attorney registered in the State of Ohio or elsewhere, may not file pleadings, argue, or otherwise represent the Trust – the true owner of the Property – in this action. *See Ohio State Bar Ass'n v. Ross,* 154 Ohio St.3d 328, 329-330 (2018); *Tubalcain Tr. v. Cornerstone Const., Inc.,* No. 93APE12-1701, 1994 WL 232228, at *1 (Ohio Ct. App. May 26, 1994) (Upholding dismissal of action despite fact all trustees appeared in *pro se* capacity). This is because "[a] trustee and a trust are two separate entities [and] are not interchangeable." *Jacquelyn S Jordan Tr. v. City of Franklin,* No. 3:22-CV-326, 2022 WL 1507196, at *1 (M.D.

Tenn. May 12, 2022) (citations omitted); *DiMercurio v. Comm'r of Internal Rev.*, No. 08-1378, 2008 WL 5784519 (6th Cir. June 16, 2008) (unpublished) (holding that the plaintiff-trustee, a non-attorney, "has no right to represent a trust in federal court"); *William Huron Gardens 397 Tr. v. Twp. of Waterford*, No. 18-12319, 2019 WL 2051967, at *3 (E.D. Mich. Feb. 28, 2019) (unpublished) (collecting cases), *adopted in* 2019 WL 1324242 (E.D. Mich. Mar. 25, 2019).

In addition, the statute authorizing a party to represent himself in federal court (28 U.S.C. § 1654) does not allow that party to "appear pro se where interests other than their own are at stake." *William Huron Gardens,* 2019 WL 2051967, at *1 (citing *Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002)). *See also Est. of Bessette v. Wilmington Tr., N.A.*, No. 17-1199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017) ("Under 28 U.S.C. § 1654, an individual may appear in federal court pro se to litigate his or her own case, but may not appear pro se if there are interests at stake other than [his]….").

This Court may not – and does not – condone the unauthorized practice of law, which in Ohio is defined as "the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under [another Rule]." Ohio Gov. Bar R. VII(2)(A). *See also* Ohio Rev. Code § 4705.01.[4] When a non-attorney engages in the unauthorized practice, the pleadings should be stricken and the proceedings dismissed. *Scott v. H.T.M. Trust,* No. 12-90-4, 1991 WL 82878, *1-2 (Ohio Ct. App. May 9, 1991) (citing *Union Sav. Assn. v. Home Owners Aid*, 23 Ohio St.2d 60, 63-64 (1970)). Plaintiff's conduct falls

4 "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules…."

squarely within this definition. Therefore, the Court has grounds to strike his pleadings and motions and dismiss this case.

Further even if Plaintiff was rightfully representing himself as the owner of the Property, the City provides multiple additional valid reasons why the case should be dismissed. (R. 39, PageID 335-45). *See, e.g., Carmichael v. City of Cleveland*, 571 Fed. Appx. 426, 435 (6th Cir. 2014) (county department is *non sui juris* and not subject to suit); *Kouider on behalf of Y.C. v. Parma City Sch. Dist. Bd. of Edu*c., 480 F. Supp.3d 772, 780 (N.D. Ohio 2020) (Gwin, J.) ("[W]hen a § 1983 complaint asserts a claim against a government entity and a government official in his official capacity, federal courts will dismiss the official-capacity claim."); *California Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (Courts have "no business" deciding legal disputes or expounding on law in the absence of an actual case or controversy); *VJH Homes, LLC,* 2025 WL 2379983, at *4 (City has police power to abate a declared nuisance); *Shiao v. City of Cleveland*, Case No. 1:23-CV-20977, 2024 WL 3722883, *5 (N.D. Ohio Aug. 8, 2024) (Shepherd, Mag. J.) ("Plaintiff must identify a municipal 'policy' or 'custom' that caused the injury,' in order to subject the municipality to liability for a constitutional violation under 42 U.S.C. § 1983."); *Broadview Mortg. Co. v. Cleveland,* No. 61939, 1993 WL 76884, *3 (Ohio Ct. App. Mar. 18, 1993) (citing Ohio Rev. Code § 2744.03 Political Subdivision Tort Liability).

Though all valid reasons for dismissal, the Court finds it unnecessary to address these arguments at this juncture, due to its dismissal on the more fundamental grounds. Therefore, the Court **GRANTS** the Motion for Judgment on the Pleadings. (R. 39).

Since removal, the parties have filed an assortment of motions and related filings. With respect to the additional motions, the Court:

**DENIES** Defendants' Motion to Strike Plaintiff's Amended Complaint (R. 10). Plaintiff, as a *pro se* litigant, "is entitled to some latitude when dealing with sophisticated legal issues." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991);

**DENIES** Defendants' Motions to Strike Plaintiff's Multiple Filings, (R. 28; R. 38), for similar reasons;

**DENIES** Plaintiff's Motion to Deny Defendants' Motion to Strike, (R. 30), as moot;

**DENIES** Plaintiff's Motions for Default Judgment, which he entitles, "Notice of Default," (R. 21; R. 35), as well as Plaintiff's Motion to Strike Answer and Defenses, (R. 15) as Defendants timely and appropriately entered an appearance and filed an Answer to the Amended Complaint, (R. 8), as well as Motions to strike, stay and dismiss. (R. 10; R. 11; R. 12 R. 39). *See* Fed. R. Civ. P. 12(a)(1)(A), (b);[5] AND

**DENIES** Plaintiff's various Emergency and Supplemental Motions to Preserve Property, Motion to Compel Restoration, and Motion to Sanction Defendants. (R. 7; R. 25; R. 26; R. 36). In dismissing this case on the pleadings, those Motions are rendered moot.

In summary, the Motion to Dismiss and Motion for Judgment on the Pleadings (R. 12; R. 39) are GRANTED, and the following Motions are DENIED: R. 7; R. 10; R. 15; R. 16; R. 21; R. 25; R. 26; R. 28; R. 30; R. 34; R. 35; R. 36; R. 38. Pursuant to Fed. R. Civ. P. 41(B), the Court dismisses this case without prejudice.

IT IS SO ORDERED.

Date: September 24, 2026

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

---

5 In addition, Plaintiff's request for clerk's entry of default, (R. 34), is premature, moot, and denied.